# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Eugene McCall
and
Judy Anne McCall (Deceased)

    Debtor(s)

**JUDGE RICHARD L. SPEER**

Case No. 05-75245

## DECISION AND ORDER

This cause is before the Court after a Hearing on the Trustee's Motion for Turnover and Objection to the Debtors' claim of exemption. In response, the Debtor, Eugene McCall, filed a brief and memorandum objecting to the Motion for Turnover. The Trustee then filed a brief in support of his Motion for Turnover, with the Debtor thereafter filing a reply to the Trustee's brief. After considering the arguments raised by the Parties, the Court finds, for the reasons that are explained herein, that the Trustee's Motion for Turnover should be Denied and that the Trustee's Objection to Exemption should be Overruled.

## FACTS

On October 14, 2005, the Debtors, Eugene and Judy Anne McCall, filed a bankruptcy petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). On December 27, 2005, during the administration of the case, the Debtor, Judy Anne McCall, passed away. (Doc. No. 16). At the time of her death, the deceased maintained a group life insurance policy through her employer, Lima City Schools, whose beneficiary was her husband, the Debtor, Eugene McCall.

On March 17, 2006, a check was issued from said insurance company to the Debtor in the amount of $160,000.00. On October 9, 2006, the Trustee filed a Motion for Turnover of the policy and these funds. (Doc. No. 21). The Debtor objected, amending his bankruptcy schedules to claim

In re Eugene and Judy Anne McCall
Case No. 05-75245

the policy and funds as exempt based on O.R.C. § 2329.66(A)(6)(c) and O.R.C. § 3917.05. (Doc. No. 44). The Trustee objected to this claim of exemption. (Doc. No. 45).

## DISCUSSION

The issue before the Court is whether Mrs. McCall's group life insurance policy and the proceeds paid to Mr. McCall, as the beneficiary thereunder, are exempt from administration by the Trustee. Determinations as to exemptions from property of the bankruptcy estate are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. §§ 157(b)(2)(B) & 1334.

For purposes of bankruptcy law, the permissibility of exemptions for debtors domiciled in Ohio, such as these Debtors, is governed by Ohio law, Ohio having opted out of the federal bankruptcy exemptions. O.R.C. § 2329.662. In this matter, the Debtors cite to O.R.C. § 2329.66(A)(6)(c) and O.R.C § 3917.05, as authority for their right to exempt the insurance policy and its proceeds.

The party objecting to the exemption, the Trustee in this case, has the burden of proving that a debtor's exemption is not properly claimed. FED.R.BANKR.P. 4003(c). For this burden, a central focus of the argument presented by the Trustee centered on this contention: "There is no mention of O.R.C. § 3917.05 in Ohio's general exemption statute, O.R.C. § 2329.66." (Doc. 50).

Page 2

**In re Eugene and Judy Anne McCall**
**Case No. 05-75245**

In taking this position, the Trustee relies on O.R.C. § 2329.66(A)(6)(b),[1] correctly identifying that this particular provision does not reference O.R.C. § 3917.05, the statute relied upon by the Debtors for their claim of exemption. Rather, as the Trustee points out, O.R.C. § 2329.66(A)(6)(b) references O.R.C. § 3111.10 which arguably would not apply to Mr. McCall in this matter. Under § 3111.10, it is the insured, not the beneficiary, who is entitled to the exemption.[2]

However, in claiming an exemption in the insurance proceeds, the Debtors rely on O.R.C. § 2329.66(A)(6)*(c)*, not subparagraph (A)(6)*(b)*. (Doc. No. 44). Ohio Revised Code § 2329.66(A)(6)(c) states:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
>> (6)(c) The person's interest in a policy of group insurance or the proceeds of a policy of group insurance, as exempted by section 3917.05 of the Revised Code.

---

[1] This section provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

> (6)(b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code;

[2] This section provides, in relevant, part:

All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person, or an institution or entity described in division (B)(1) of section 3911.09 of the Revised Code, or any creditor, or to a trustee for the benefit of such spouse, children, dependent persons, institution or entity, or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

Page 3

**In re Eugene and Judy Anne McCall**
**Case No. 05-75245**

In turn, this provision, as the Debtors point out, references O.R.C. § 3917.05, not § 3111.10. The gravamen of the Trustee's position, that § 2329.66 does not mention § 3917.05, is therefore without merit.

Notwithstanding, the Trustee maintains that, like with O.R.C. § 3111.10, the insurance policy proceeds in this case are not exempt under O.R.C. § 3917.05 "because the Debtor claiming the exemption is the beneficiary and not the owner of the policy." (Doc. No. 45). Section 3917.05 of the Revised Code provides:

> No policy of group insurance, nor the proceeds thereof, when paid to any employee thereunder, is liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any liability of such employee, his beneficiary, or any other person who may have a right thereunder, either before or after payment.

An examination of this statute, however, shows the Trustee's position to be again incorrect. Unlike § 3111.10, which limits it class of protected persons to just the debtor-insured (that is, the owner of the insurance policy), the class of protected persons under O.R.C. § 3917.05 is broader.

First, as with § 3111.10, the owner of the policy, the insured-employee, is entitled to an exemption under § 3917.05. But in addition, § 3917.05 also provides that the proceeds of group insurance are not available "to pay any liability of such employee, *his beneficiary*, or any other person who may have a right thereunder, either before or after payment." (emphasis added). In this matter, the Parties do not disagree, and the evidence shows, that Mr. McCall was designated as the beneficiary of his wife's group life insurance policy. (Doc. 23).

Still, it is recognized that a plausible reading of O.R.C. § 3917.05 could operate to exclude a beneficiary from the protection of the statute when the proceeds of the policy are paid to the beneficiary and not directly to the insured-employee. In its opening, § 3917.05 sets forth that its exemption only applies when the proceeds of the policy are "paid to any employee thereunder . . . ."

Page 4

In re Eugene and Judy Anne McCall
Case No. 05-75245

But requiring, as this language would seem to suggest, that the proceeds of an insurance policy must be paid to the insured-employee – in other words, the proceeds must pass through their hands – in order to obtain exempt status under § 3917.05, does not find support with other courts which have addressed the issue.

In *In re Heins*, 83 B.R. 504, 5050 (Bankr.S.D.Ohio 1988), the court declined to read into § 3917.05 such a prerequisite, holding instead that the "correct focus of the inquiry is whether [the Debtor] is of the class intended to be protected by the insurance exemption provisions." This reasoning was later followed in *In re Lewis*, 327 B.R. 645 (Bankr. S.D.Ohio 2005), a case decided under facts almost identical to those of this case. *See also In re Fahey*, 352 B.R. 288, 290-91 (Bankr. D.Colo. 2006) (construing a similar exemption statute). Although not an issue put directly in controversy by the Parties, as a matter of first impression for the Court, this would appear to be the better view.

First, it is an absurdity to assume that § 3917.05 would require, as a condition precedent to its applicability, that the death benefit from an employee's life insurance policy must be paid directly to the employee for the obvious reason – that person is now deceased. Additionally, reading into § 3917.05 a requirement that the death benefit be paid directly the employee-decedent's estate, as would be the only commonsensical approach, places a requirement on the statute which is not directly expressed. Similarly, to give § 3917.05 a strict reading, by requiring that as a prerequisite to its applicability, the proceeds from the policy be paid to the employee-decedent's estate, as opposed to the beneficiary, would render the statute ineffective in many instances. When a death benefit is paid from a life insurance policy, it is commonly paid to the policy's beneficiary, not the policy holder's estate.

Given these considerations, a cogent reading of § 3917.05 holds that, so long as a debtor otherwise falls into a protected class, the proceeds of a group life insurance policy do not need to be paid directly to the insured-employee to be claimed as exempt under § 3917.05. In this way, Ohio courts follow the interpretive principle that exemption statutes are to be construed liberally in favor

Page 5

In re Eugene and Judy Anne McCall
Case No. 05-75245

of the debtor and any doubt in interpretation should be in favor of granting the exemption. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147-48 (6th Cir. B.A.P. 2006), *citing Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 504 N.E.2d 1100, 1104 (1986). Basic interpretive principles also hold that the terms of a statute should not be read so as to render them superfluous. Statutes are instead to be interpreted as a whole so as to give effect to every provision.

The Trustee offered no basis which would warrant affording § 3917.05 a different reading. In any event, the actual issue, of whether the employee-deceased must be directly paid the proceeds from a group life insurance policy, need not be decided. It is the Trustee's burden to establish that the Debtors' exemptions were not properly claimed. And contrary to this burden, an interpretation of the applicable law, together with the facts before the Court, tend to show that Mr. McCall is entitled to claim as exempt, under O.R.C. § 2329.66(A)(6)(c) and O.R.C. § 3917.05, the proceeds he received from the group life insurance policy provided by his wife, Judy Anne McCall.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Trustee for Turnover, be, and is hereby, DENIED; and that the Trustee's Objection to the Debtor's claim of exemption is hereby OVERRULED.

Dated: October 19, 2007

                                       Richard L. Speer
                                       United States
                                       Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 19th day of October, 2007 to:

ARROW FINANCIAL SERVICES LLC
C/O BECKET AND LEE LLP
POB 3001
MALVERN, PA 19355-0701

Gilbert B Weisman
c/o Becket & Lee
PO Box 3001
Malvern, PA 19355

Douglas A Dymarkowski
4747 Holland-Sylvania Rd
Sylvania, OH 43560

Patricia A Kovacs
500 Madison Ave #525
Toledo, OH 43604

John M Liming
Clemens, Korhn, Liming & Warncke, Ltd.
PO Box 787
Defiance, OH 43512

Eugene McCall
6050 East State Road
Elida, OH 45807

Douglas A Daley
Balyeat, Leahy, Daley & Miller, LLC
1728 Allentown Rd
Lima, OH 45805-1845

Randy Lee Reeves
973 W North St
Lima, OH 45805

Judy Anne McCall
6050 East State Road
Elida, OH 45807

                                                          /s/Jennifer S Huff
                                                Deputy Clerk, U.S. Bankruptcy Court